# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Civil Action No. 8:12CV344 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DON A. LANGFORD, | ) ) | |
| Defendant. | ) | |

### FINAL JUDGMENT AS TO DEFENDANT DON A. LANGFORD

This matter is before the court on the unopposed motion of the Securities and Exchange Commission (the Commission) to enter Final Judgment, Filing No. 77. The court finds defendant Don A. Langford has entered a general appearance, consented to the court's jurisdiction over this matter, consented to the entry of a Final Judgment substantially in conformity with this order, waived any right to findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. *See* Filing No. 59-1, Index of Evid., Ex. 1, Consent of Defendant Don A. Langford. Accordingly,

IT IS HEREBY ORDERED that:

1.       The defendant and the defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2.      The defendant and the defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Rule 13b2-1 promulgated thereunder, 17 C.F.R. § 240.13b2-1, by: (a) falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or (b) knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

3.      The defendant and the defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2, 17 C.F.R. § 240.13b2-2, promulgated under Section 13(b)(2) of the Exchange Act,15 U.S.C. § 78m(b)(2), by: (a) making or causing to be made a materially false or misleading statement to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission; or (b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of

2

the circumstances under which such statements were made, not misleading, to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission.

4.     The defendant and the defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §§ 78m(a) and 78m(b)(2)(B),and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13, by knowingly providing substantial assistance to an issuer that: (a) fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act; (b) fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made, not misleading; or (c) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer.

5.     Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), the defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

6.      The defendant's Consent (Filing No. 59-1) is incorporated herein with as if fully set forth, and the defendant shall comply with all of the undertakings and agreements set forth therein.

7.      For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by the defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the defendant under any final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

8.      This court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 15th day of September, 2016.

BY THE COURT:

 s/ Joseph F. Bataillon
Senior United States District Judge

4